IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIM KNOTT

    Plaintiff,

    v.                                                                               CIV No. 13-5 KG/GBW

KTM WWG, LLC *et al*,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel and accompanying briefing. *Docs. 34, 40, 41.* The Court held a hearing on the motion on April 9, 2014. *Doc. 46.* At the hearing it was determined that Defendants had not yet completely responded to some of Plaintiff's propounded discovery requests. In light of that fact, and because of Defendants' considerable delay in producing the requested materials, the Court will GRANT Plaintiff's Motion.

Further, upon resolution of motions to compel or for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses

unjust."[1]  *Id*.  The Court finds none of these exceptions applicable and Defendants have conceded that this sanction is appropriate.  Thus, Defendants are ordered to pay Plaintiff's reasonable expenses and attorney's fees for Plaintiff's briefing of the Motions to Compel (*docs. 34, 41*).  Within seven days of the entry of this Order, Plaintiff shall file an affidavit outlining its expenses as described above.  Defendants' objections to the amount claimed by Plaintiff, if any, shall be filed within seven days of the filing of the affidavits.

Plaintiff also seeks as a sanction that Defendant not be permitted to interpose any objections to the discovery requests beyond those based upon privilege.  The only non-privilege objections raised by Defendants were addressed at the hearing.  Specifically, Defendants sought to have (i) a confidentiality order/agreement for protection of personnel records; (ii) be permitted to redact all personal information in those personnel records; and (iii) be permitted to require that Plaintiff either pay for the cost of production of the most voluminous records or view them at Defendants' place of business.  The Court granted the request for a confidentiality order/agreement and the request for redaction except as to the employee's names.  The Court denied the final

---

[1] Of course, the party must be given an opportunity to be heard as well.  This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter.  *See e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

2

request. Given that Defendants advised they had no further non-privilege objections to the discovery requests, Plaintiff's request for the additional sanction is denied as moot.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE