IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM KNOTT,

    Plaintiff,

vs.                                                               Civ. No. 13-00005-KG-GBW

ADVANCE CONCEPT CONSTRUCTION,
LLC and KURT BOWKER, *individually*,

    Defendants.

## ORDER STAYING CASE PURSUANT TO BANKRUPTCY FILING

       This matter comes before the Court upon Defendant Advance Concept Construction, LLC's (ACC) Suggestion of Bankruptcy filed December 8, 2014. (Doc. 94). Defendant ACC indicates that it has filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of New Mexico, Case No. 14-13554-t11. Plaintiff has not filed a response refuting Defendant ACC's assertion.

       On December 5, 2014, in anticipation of Defendant ACC's bankruptcy filing, this Court requested summary expedited briefing on whether the automatic stay should be extended to non-debtor Defendant Kurt Bowker (Bowker), who is being sued in his individual capacity. On December 8, 2014, Defendant Bowker and Plaintiff filed their briefs. (Docs. 95 and 96). Neither party opposes extending the stay to Defendant Bowker. *Id.* Having considered the applicable law and the parties' briefs, the Court hereby extends the automatic stay to Defendant Bowker.

A. *Defendant ACC's Bankruptcy Filing Automatically Stays This Action Against Defendant ACC*

       Plaintiff brings this lawsuit against Defendants for violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and the New Mexico Minimum Wage Act,

NMSA 1978, §§ 50-4-19 to -54 (2013). (Doc. 70). This action is subject to an automatic stay as to Defendant ACC pursuant to 11 U.S.C. § 362 of the Bankruptcy Code because Defendant ACC is presently in Chapter 11 bankruptcy proceedings. (Doc. 94); *see, e.g., In re Escobedo*, No. 14-1069, 2014 WL 3051208, at *2 (Bankr. D.N.M. July 3, 2014) ("When a bankruptcy petition is filed, §362(a) automatically stays any proceeding or enforcement action against the debtor."). Accordingly, the Court recognizes the automatic stay as to Defendant ACC.

*B. The Court Will Extend the Stay to Defendant Bowker*

Plaintiff contends that a stay of the proceedings against Defendant Bowker is necessary as a finding of liability and/or damages as to Defendant Bowker would be attributable directly to debtor Defendant ACC because Defendant ACC is liable for the unlawful acts of its employee, Defendant Bowker. (Doc. 96) at 5. Defendant asserts that the Court should extend the stay because Defendant ACC is a necessary party in order for Plaintiff to pursue his claims under the FLSA and NMMWA. (Doc. 95) at 2.

Section 362(a)(1) specifically provides that a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Therefore, by its plain language, Section 362(a)(1) stays actions only against debtor Defendant ACC.

The Tenth Circuit follows the general rule that the aforementioned "stay provision does not extend to solvent codefendants of the debtor." *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (citations omitted). The Tenth Circuit, however, has recognized that "a narrow exception allows a stay to be imposed under section 362(a)(1) against

a nonbankrupt party in 'unusual situations' as 'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Id.* (citing *A. H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). A district court has broad discretion in managing its docket, which includes the decision of whether to stay an action, in part or as to the entire proceeding. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")).

    The Court finds that a stay of proceedings against non-debtor Defendant Bowker is warranted as Plaintiff's claims against Defendants are intimately intertwined, the relationship between employer Defendant ACC and employee Defendant Bowker make debtor Defendant ACC the real party in interest, and, more prominently, the possibility that liability and/or damages against Defendant Bowker would be imputed to Defendant ACC. Furthermore, the Court finds that conservation of judicial time and resources justify extending the stay to non-debtor Defendant Bowker until Defendant ACC's bankruptcy petition is resolved.

    Counsel are advised to notify the Court if and when the stay is lifted.

    IT IS ORDERED that an automatic stay is now in effect for, *inter alia*, any judicial proceedings against Defendant Advance Concept Construction, LLC and Defendant Kurt Bowker.

                                                                                                   UNITED STATES DISTRICT JUDGE